UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

2017 SEP -7 P 2: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Amparo Sherrill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-CV-598-GMB |
| | ) | Plaintiff Demands Jury Trial |
| Toyota Motor Credit Corporation, | ) | |
| Equifax Information Services, LLC, | ) | |
| Experian Information Solutions, Inc., and | ) | |
| Trans Union, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Amparo Sherrill, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This petition is an action for actual and statutory damages, along with injunctive and declaratory relief, brought by an individual consumer against Defendants for their violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (hereinafter referred to as "FCRA"), and further, against Toyota Motor Credit Corporation for its acts which constitute a breach of the contract with Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. §1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.   Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Coffee County, Alabama, and were committed within the territory encompassed within the jurisdiction of the United States District Court for the Middle District of Alabama.

## PARTIES

4.   Plaintiff, **Amparo Sherrill**, is a natural person and a resident and citizen of Coffee County, the State of Alabama, and of the United States.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.   Defendant, **Experian Information Solutions, Inc.** (hereinafter referred to as "Experian" or "Defendant"), is a foreign corporation licensed to do business within the State of Alabama.  Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6.   Defendant, **Equifax Information Services, LLC** (hereinafter referred to as "Equifax" or "Defendant"), is a foreign corporation licensed to do business within the State of Alabama.  Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

7.   Defendant, **Trans Union, LLC** (hereinafter referred to as "Transunion" or "Defendant"), is a foreign corporation licensed to do business within the State of Alabama.  Transunion is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly

engaged in the business of assembling, evaluating, and dispersing information concerning

consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d)

of the FCRA, to third parties.

8.      Defendant, **Toyota Motor Credit Corporation** (hereinafter referred to as "Toyota" or

"Defendant"), is a foreign corporation engaged in the business of furnishing consumers

with credit in the State of Alabama.  Toyota is a financial institution as that term is

defined within 1681a(t) of the FCRA.

## FACTUAL ALLEGATIONS

9.      Plaintiff restates and reiterates herein all previous paragraphs.

10.      In or around January 2011, Plaintiff and Defendant entered into a Retail Installment

Contract - Simple Interest ("Promissory Note") whereby Defendant financed the purchase

price of a 2011 Toyota Camry ("Automobile").

11.      In or around early July 2014, the Automobile was declared a total loss as the result of an

automobile accident.

12.      On July 23, 2014, Toyota mailed a letter to Plaintiff which acknowledges Plaintiff's loss

claim and reflects a loan pay off of $10,705.06 as of July 9, 2014, among other terms,

related to the subject loan.

13.      On August 8, 2014, Toyota mailed a letter to Plaintiff which states, in pertinent part, as

follows:

Thank you for financing your vehicle through your dealer and Toyota Financial
Services (TFS).  We have received your final payment.  Subject to a final
accounting and receipt of good funds, your account will be considered as paid in
full.  We appreciate the opportunity to serve your financing needs.  Toyota
included therewith said letter a check payable to Plaintiff in the amount of

$394.17. Further, Toyota included therewith the original Retail Installment
Contract - Simple Interest with "PAID IN FULL 08/04/2014" stamped at the top
of said note.

14.     Notwithstanding, thereafter the above letter, Plaintiff received multiple written and verbal

        communications which indicated that he had an outstanding balance on the subject loan

        account. As a result, Plaintiff made multiple phone calls to Toyota and to USAA, the

        insurer of the Automobile.

15.     On February 24, 2015, USAA mailed a letter to Plaintiff which states, in pertient part, as

        follows:

        On 07/17/2014, we contacted your lien holder by phone and spoke with a Naomi
        who stated that the lan pay off amount valid through 07/28/2014 is $10,732.84.
        We issued two checks to lien holder: one dated 07/25/2014 for $6,275.84 and
        another dated 07/18/2014. The later check was returned and not cashed by your
        line [sic] holder. Thus we issued another check on 01/19/2015 for $4,457.00.
        Both checks were cashed by your line [sic] holder.

        If the loan pay off has changed, then please allow us to point out that we can only
        pay the actual cash value of $11,100.00 less your deductible $250.00 =
        $10,850.00.

        Sincerely yours,
        Ahmed Omairan for Claudia Eliadis, USAA Limited Frankfurt Claims Branch

16.     On November 13, 2015, Toyota mailed an account statement to Plaintiff which

        erroneously reflects a total amount due of $981.76.

17.     On December 1, 2015, at Plaintiff's request, Toyota mailed a loan account history to

        Plaintiff which reflects that between January 1, 2011 and August 1, 2014, Plaintiff timely

        remitted each requisite payment under the Promissory Note. The history further reflects

        that, on July 9 and July 28, 2014 (the latter apparently reflecting an earlier and

        erroneously returned check by Toyota to USAA), Toyota received checks in the amount

Page 4 of 16

of $4,457.00 each and credited the same against the account. The history shows that, on

August 4, 2014, Toyota received a check in the amount of $5,881.67 and credited the

same to the account, thereby reducing the amount due on the account to ($4,457.00).

Thereafter, Toyota erroneously remitted a check in the amount of $6,273.44 to, based

upon information and belief, USAA which created a false and/or erroneous outstanding

balance of $1,422.27 on the account.

18.     On January 15, 2016, Toyota mailed a statement to Plaintiff which reflects, in pertinent

part, that Plaintiff has a past due balance of $1,025.05, a current payment due of $397.22,

and a total amount due of $1,422.27. As set forth above, any outstanding balance is

solely due to Toyota's mishandling of the loss insurance proceeds.

19.     On January 31, 2016, Toyota reported to Transunion that the loan account had a balance

of $1,422.00, a past due amount of $1,025.00 and was 90 days past due. This information

was inaccurate at the time of the reporting and Toyota had knowledge of the same.

20.     On February 1, 2016, Toyota reported to Equifax that the loan account had a balance of

$0.00, but was in collections and/or charged off. This information was inaccurate at the

time of the reporting and Toyota had knowledge of the same.

21.     On February 29, 2016, Toyota reported to Experian that the loan account had a balance of

$0.00, was in collections, and that "[u]npaid balance reported as a loss by the credit

grantor." This information was inaccurate at the time of the reporting and Toyota had

knowledge of the same.

22.     On March 19, 2016, SRA Associates, Inc., as a collection agent of Toyota, mailed a

statement to Plaintiff in attempt to collect the sum of $1,516.54 as outstanding and

delinquent on the subject account.

22.  Plaintiff diligently attempted to have Defendant accurately report the status of the subject

loan account; however, his efforts were unsuccessful and thereby resulted in the retention

of counsel.

23.  On June 21, 2016, Plaintiff's former counsel mailed a letter to Toyota which states, in

pertinent part, as follows:

As you are aware the vehicle, a 2011 Toyota Camry, was financed through your
company, insured by USAA, and was totaled in an accident on or about 7/9/2014.
As a result of the accident, USAA issued two checks, one for the loss and one for
the salvage value. Title to the vehicle was issued to USAA as a result of those
payments. Toyota Financial Services mistakenly refunded the initial check to
USAA who then reissued the check within a matter of days.

In summary, any resulting interest added to the account was due to error on the
part of Toyota Financial Services. However, Toyota Financial Services has
reported to the three credit reporting agencies that Mr. Sherrill was delinquent in
paying his account. That action resulted in both denial of credit and increased
interest rates.

Accordingly, Mr. Sherrill has incurred those expenses as well as attorney's fees in
resolving this matter. In the event your company would like to resolve this matter
without further legal action, you may contact me by phone or letter
communicating your intentions regarding reimbursement of those expenses and
corrects to the credit reporting agencies. I have enclosed a copy of my
communications with the credit bureaus. Please respond immediately as time is
of the essence.

24.  On June 21, 2016, Plaintiff's former counsel mailed a letter to each Equifax, Experian

and Transunion which states, in pertinent part, as follows:

In reviewing the credit bureau reports, it is clear that Mr. Sherrill has impeccable
credit with the exception of the derogatory entry involving Toyota Finance.
We hereby demand that all derogatory information reported by Toyota Financial
Services be removed immediately and as required by law within 30 days of this
complaint. Toyota Financial Services failed to post payments upon receipt
resulting in interest accruing through no fault of Mr. Sherrill.

The erroneous reporting has resulted in Mr. Sherrill being denied credit, being offered high interest loans, and other detriment through no fault of his own. Please make the necessary corrections immediately and provide by myself and my client with evidence of the same. Failure to do so will result in further legal action being taken.

25.    Equifax and Transunion accepted Plaintiff's certified mail on June 24, 2016 as evidenced by the return receipt cards.

26.    On July 5, 2016, Experian faxed a letter to Plaintiff's former counsel which states, in pertient part, as follows: "[o]ur office recently reviewed your correspondence regarding your client's personal credit report" and "[u]pon completion of this [investigation] process, we will provide the results of our investigation directly to your client."

27.    On July 8, 2016, Plaintiff's former counsel mailed a letter to Toyota which states, in pertient part, information identical to that within counsel's letter of June 21, 2016 discussed herein above.

28.    Plaintiff attempted to obtain a loan with another lending institution and, in or around July 2016, remitted, under protest, remitted a payment to Toyota and/or its collection agent on the loan account in the approximate amount of $1,516.00. Plaintiff remitted said payment, under protest, as a requirement of the subject lending institution.

29.    On July 21, 2016, Toyota mailed a letter to Plaintiff which states, in pertinent part, as follows: "[y]ou recently contacted us regarding what you believe is incorrect or incomplete information on your credit report with one or more credit reporting agencies listed below" and "[w]e have researched our records and have determined that the information reflects in our records is correct and we are reporting your account to the credit reporting agencies in a manner that is consistent with our records."

30.    Experian accepted Plaintiff's certified mail on July 27, 2016. Toyota accepted Plaintiff's

       certified mail on July 21, 2016. These acceptance dates are evidenced by return receipt

       cards.

31.    On July 25, 2016, Plaintiff's former counsel received correspondence from Equifax

       which states, in pertient part, as follows: "We have researched the credit account ... [and

       the results are] that the "information was updated on this account", "[t]his creditor has

       verified to OUR company that the prior paying history is being reported correctly", and

       that "the current status is being reported correctly." The report reflects a balance past due

       of $1,516.00, a date of last payment of August 2014, and a charge off amount of

       $1,422.00. The reporting is inaccurate.

32.    On July 27, 2016, Plaintiff's former counsel mailed a letter to Equifax which states, in

       pertient part, as follows:

       I am in receipt of the results of your Reinvestigation and udated reported dated
       July 15, 2016. It appears that ccording to the information provided by you, the
       derogatory entry is still showing on Mr. Sherrill's credit report. The Toyota
       Motor Credit Corp entry is still incorrect. He has paid in full and never paid late.
       Additionally, the notation provided by you is insufficient as to the validity of the
       entry. We hereby demand that the account reflect "paid" status and not "charge
       off" status.

       We previously requested that the entry be verified or deleted within 30 days which
       you have failed to do. We hereby demand that the entry be corrected as requested
       or deleted immediately or we will seek further legal action.

33.    On July 31, 2016, SRA Associates, Inc. mailed a letter to Plaintiff acknowledging release

       of the debt to Toyota as of July 13, 2016.

34.    On September 23, 2016, Toyota mailed a letter to Plaintiff which states, in pertient part,

       that Toyota "is pleased to advised [Plaintiff] that this account has now been paid in full as

of 07/28/2016" and that Toyota "will update [Plaintiff's] credit profile with the appropriate credit reporting agencies (CRAs)."

35. On September 30, 2016, Toyota mailed a letter to Plaintiff which states, in pertient part, tha it is "pleased to advise [Plaintiff] that this account has now been satisfied."

36. Defendant, Toyota, has intentionally and maliciously failed and/or refused to accurately report the subject account.

37. Defendant, Toyota, has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages which Plaintiff will present to the jury.

38. Defendant, Toyota, has promised, through its subscriber agreements or contracts with the credit reporting agencies, to accurately update accounts, but has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, federal law and state law which has resulted in this information remaining on Plaintiff's credit disclosure files.

39. Defendant, Toyota, has agreed to and understands that it must follow the requirements of the FCRA including:

   a. 15 U.S.C. §1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

   b. 15 U.S.C. §1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

        i.     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        ii.    the information is, in fact, inaccurate."

    c.    15 U.S.C. §1681(a)(2) which states, "[a] person who -

        i.     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

        ii.    has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

        iii.   shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

40.    Plaintiff's credit disclosure files have been accessed since the inaccurate information has been reported by Defendant, Toyota, and accordingly, the inaccurate information has been published to third-parties.

41.    Defendant, Toyota, has demonstrated a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, federal law and state law as is relative to Plaintiff.

42.   All actions taken by employees, agents, servants, or representatives of any type for Defendant, Toyota, were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

43.   The actions of Defendant, Toyota, were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff, and/or with the knowledge that the actions would very likely harm Plaintiff, and/or that the actions were taken in violation of the law.

44.   Defendant, Toyota, has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

45.   The actions, omissions, misrepresentations, and violations of the FCRA, federal law, and state law of Defendant, Toyota, regarding Plaintiff's alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

46.   Defendants, Experian, Equifax and Transunion, have intentionally, wantonly and recklessly failed and/or refused to verify the accuracy of the information they have published and continue to publish in Plaintiff's credit disclosure files.

47.   The intentional, reckless, and willful violations of the FCRA, federal law and state law of

Defendants, Experian, Equifax and Transunion, have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same. Further, Plaintiff has been denied credit as a direct and proximate result of the effects of the inaccurately reported information.

48.   Plaintiff has been damaged and injured in the following ways:

    a.   negative impact on his credit-worthiness;

    b.   costs and expenses attempting to resolve the situation;

    c.   legal fees;

    d.   amount paid to Toyota under protect;

    e.   higher interest rates on auto and home loans in 2016, present and future (2 auto loans, 1 home loan and 1 consolidation loan); and

    f.   anguish.

## COUNT ONE
## DEFENDANT TOYOTA
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, *et seq.*

49.   Plaintiff restates and reiterates herein all previous paragraphs.

50.   In the entire course of its actions, Defendant, as a furnisher of information, willfully, wantonly and/or negligently violated the provisions of the FCRA in the following respects:

    d.   By willfully and/or negligently failing to fulfill its duties as listed within section

15 U.S.C. §1681s-2(b), to wit:

    i.      failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, after having received notice of the dispute from one or more credit reporting agencies;

    ii.     failing to review all relevant information provided by Plaintiff; and

    iii.    failing to modify, delete and/or permanently block information relating to the subject accounts as said accounts are being reported within Plaintiff's credit disclosure files.

51.    The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly and/or in gross reckless disregard of the rights of Plaintiff.

52.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

53.    As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FCRA, and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

**COUNT TWO**
**DEFENDANTS EQUIFAX, EXPERIAN AND TRANSUNION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**<u>15 U.S.C. §1681, *et seq.*</u>**

54.    Plaintiff restates and reiterates herein all previous paragraphs.

55.    In the entire course of their actions, Defendants willfully, wantonly and/or negligently violated the provisions of the FCRA in the following respects:

    e.     By willfully and/or negligently failing, in the preparation of the credit disclosure

Page 13 of 16

files of Plaintiff, to follow reasonable procedures to assure maximum possible

accuracy of the information in the reports as required by 15 U.S.C. §1681e(b); and

f.   By willfully and/or negligently failing to comport with investigation procedures

listed within 15 U.S.C. §1681i.

56.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

and knowingly and/or in gross reckless disregard of the rights of Plaintiff.

57.   The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

58.   As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a

declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under the FCRA.

### COUNT THREE
### DEFENDANT TOYOTA
### BREACH OF CONTRACT

59.   Plaintiff restates and reiterates herein all previous paragraphs.

60.   Pursuant to the Promissory Note, Plaintiff and Defendant assumed certain obligations to

the other.

61.   Plaintiff fulfilled his obligations to Defendant by remitting, in full, payment upon the

Automobile.

62.   Defendant failed to fulfill its obligations to Plaintiff by failing and/or refusing to properly

credit payments to the subject loan account and by inaccurately reporting the subject loan

account as being delinquent.

63.   As a result of said breach, Plaintiff has incurred general, consequential and foreseeable

damages in an amount to be determined at the trial of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a)     Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)     Award to Plaintiff and against Defendants, jointly and severally, actual and compensatory damages;

c)     Award to Plaintiff and against Defendants, jointly and severally, punitive damages;

d)     Award to Plaintiff and against Defendants, jointly and severally, statutory damages;

e)     Award to Plaintiff and against Defendants, jointly and severally, reasonable attorney's fees and costs of this litigation; and

f)     Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this /8 day of August, 2017.

/s/ Anthony B. Bush
Anthony B. Bush, Attorney at Law
Attorney for Plaintiff

OF COUNSEL:
The Bush Law Firm, LLC
Parliament Place Professional Center

3198 Parliament Circle 302
Montgomery, Alabama 36116
334/263-7733 [phone]
334/832-4390 [fax]
E-mail: anthonybbush@yahoo.com
       abush@bushlegalfirm.com