IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMPARO SHERRILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CV-598-WKW |
| | ) | |
| TOYOTA MOTOR CREDIT | ) | |
| CORPORATION; EQUIFAX | ) | |
| INFORMATION SERVICES, | ) | |
| LLC; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, | ) | |
| INC.; and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court are two joint stipulations of dismissal: one between Plaintiff Amparo Sherrill and Defendant Equifax Information Services, LLC (Doc. # 32), and another between Plaintiff and Defendant Experian Information Solutions, Inc. (Doc. # 36). Both stipulations are construed as motions to dismiss under Federal Rule of Civil Procedure 41(a)(2).[1]

---

[1] If Federal Rule of Civil Procedure 41(a)(1) does not apply, a request to dismiss an action requires a court order and dismissal on terms the court deems proper. *See* Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. Rule 41(a)(1) does not apply here: Experian (Doc. # 11) and Equifax (Doc. # 16) have already filed answers, and not all of the parties who have

It is ORDERED that the motions (Doc. # 32, 36) are GRANTED. Accordingly, Plaintiff's actions against Equifax and Experian are DISMISSED with prejudice, with each party to bear its own costs. The Clerk of the Court is DIRECTED to terminate Equifax and Experian as defendants in this action.

DONE this 24th day of August, 2018.

          /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

appeared in this action signed the joint stipulations of dismissal. Dismissal must therefore be by motion. *See* Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) permits a court to dismiss a plaintiff's action against less than all defendants in a multiple defendant action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under Rule 41(a)(2)] . . . .").