IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMPARO SHERRILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:17-CV-598-WKW |
| TOYOTA MOTOR CREDIT CORPORATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the court is a joint stipulation of dismissal between Plaintiff Amparo Sherrill and Defendant Toyota Motor Credit Corporation (Doc. # 40.) The stipulation is construed as a motion to dismiss under Federal Rule of Civil Procedure 41(a)(2).[1] It is ORDERED that the motion (Doc. # 40) is GRANTED. Accordingly, Plaintiff's action against Toyota Motor Credit Corporation is DISMISSED with

---

[1] If Federal Rule of Civil Procedure 41(a)(1) does not apply, a request to dismiss an action requires a court order and dismissal on terms the court deems proper. *See* Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. Rule 41(a)(1) does not apply here: Toyota Motor Credit Corporation has already filed an answer (Doc. # 17), and Trans Union, LLC did not sign the joint stipulation of dismissal. Dismissal must therefore be by motion. *See* Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) permits a court to dismiss a plaintiff's action against less than all defendants in a multiple defendant action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973).

prejudice, with costs and fees taxed as paid.  The Clerk of the Court is DIRECTED to terminate Toyota Motor Credit Corporation as a defendant in this action.

DONE this 3rd day of October, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE