IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMPARO SHERRILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:17-CV-598-WKW |
| ) | |
| TOYOTA MOTOR CREDIT ) | |
| CORPORATION; EQUIFAX ) | |
| INFORMATION SERVICES, ) | |
| LLC; EXPERIAN ) | |
| INFORMATION SOLUTIONS, ) | |
| INC.; and TRANS UNION, LLC, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is a joint stipulation of dismissal between Plaintiff Amparo Sherrill and Defendant Trans Union, LLC. (Doc. # 42.) The stipulation is construed as a motion to dismiss under Federal Rule of Civil Procedure 41(a)(2).[1] It is

---

[1] The joint stipulation cites Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Plaintiff filed this action against four defendants, three of which have been dismissed with prejudice under Rule 41(a)(2). (Docs. # 37, 41.) So Plaintiff and Trans Union are the only parties presently in this case. One could read Rule 41(a)(1)(A)(ii) to mean that a stipulation of dismissal need only be signed by all parties who have appeared *and have not been dismissed*. But that is not what text says. Other rules specify when to ignore dismissed parties: Rule 19(b) refers to "existing parties," and Rule 25(a)(2) says "remaining parties." Rule 41(a)(1)(A)(ii) does no such thing. So the better reading of the phrase "all parties who have appeared" includes both current and former parties. *Anderson-Tully Co. v. Fed. Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009); *Everett v. BRP-Powertrain, GmbH & Co. KG*, 282 F. Supp. 3d 1063, 1065–66 (E.D. Wis. 2017). Because other defendants both appeared (Docs. # 11, 16, 17) and did not sign the stipulation of dismissal (*see* Doc. # 42), dismissal of Plaintiff and Trans Union must therefore be by motion. *See* Fed. R. Civ. P. 41(a)(2).

ORDERED that the motion (Doc. # 42) is GRANTED.  Plaintiff's action against Trans Union, LLC is therefore DISMISSED with prejudice, with costs and fees taxed as paid.

The Clerk of the Court is DIRECTED to terminate Trans Union, LLC as a defendant and to close this case.

DONE this 15th day of October, 2018.

                                          /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE